**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-5092**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

DAVID RAHEEM ANDERSON,

            Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry F. Floyd, District Judge. (6:07-cr-00252-HFF-1)

Submitted:  March 16, 2009          Decided:  March 31, 2009

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.   Maxwell B. Cauthen, III, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Raheem Anderson pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2006), and was sentenced to the statutory mandatory minimum term of 180 months' imprisonment. Counsel for Anderson has filed this appeal pursuant to Anders v. California, 386 U.S. 738 (1967), arguing there are no meritorious grounds for appeal, but suggesting the district court erred in sentencing Anderson pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), because the prior convictions used to support that designation were not set forth in the indictment. We have reviewed the record and, finding no error, we affirm.

A defendant convicted of being a felon in possession of a firearm who has three prior convictions for violent felony or serious drug offenses is subject to treatment as an armed career criminal. See 18 U.S.C. § 924(e)(1). A district court may enhance a sentence based on the "fact of a prior conviction," whether or not it was admitted by the defendant or found by a jury. United States v. Thompson, 421 F.3d 278, 282 (4th Cir. 2005). Therefore, a district court may determine if a defendant has been convicted of the predicate offenses required by the ACCA so long as the facts necessary to support the enhancement "inhere in the fact of conviction" rather than being "extraneous to it." Id. at 283.

2

In <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 242-44 (1998), the Supreme Court held that prior felony convictions are merely sentencing enhancements rather than elements of an offense, and need not be charged in an indictment. Because the Government was not required to charge Anderson's prior felony convictions in the indictment, the sole issue raised in Anderson's <u>Anders</u> brief fails.

Pursuant to <u>Anders</u>, we have reviewed the entirety of the record and found no meritorious issues.[*] The district court conducted a proper and thorough Fed. R. Crim. P. 11 hearing prior to accepting Anderson's guilty plea. The district court advised Anderson of the rights he was foregoing by pleading guilty, the charge against him, and the penalties for the offense. Moreover, at both the Rule 11 hearing and at sentencing, the district court proceeded with the utmost caution to ensure that Anderson understood the 180-month statutory mandatory minimum he faced if sentenced pursuant to the ACCA, and the district court subsequently sentenced Anderson to that term.

---

[*] At the direction of the court, the parties provided supplemental briefing on the issue of whether juvenile convictions may be used to support the Armed Career Criminal offender designation. In the supplemental briefs, the parties agreed that the convictions relied on in Anderson's case were not juvenile convictions. Therefore, the court need not further consider this issue.

Because there was no error in either the conviction or sentence, we affirm the district court's judgment. We require that counsel inform Anderson, in writing, of the right to petition the Supreme Court of the United States for further review. If Anderson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Anderson. We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

AFFIRMED